**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEBSEN ELECTRIC LLC,
d/b/a SEBSEN ELECTRICAL
CONTRACTORS,

    Plaintiff,

CASE NO.: _____

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS AND
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS
LOCAL UNION 915,

    Defendants.
_____/

**COMPLAINT UNDER LABOR MANAGEMENT RELATIONS ACT**
**TO VACATE ARBITRATION AWARD**

Plaintiff, Sebsen Electric LLC d/b/a Sebsen Electrical Contractors ("Sebsen"), brings this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 (hereinafter "LMRA") against Defendants, International Brotherhood of Electrical Workers (the "IBEW") and International Brotherhood of Electrical Workers Local Union 915 ("IBEW Local 915") (collectively, the "Unions"), to vacate a labor arbitration award issued in favor of the Unions.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 29 U.S.C. §185(a) and (c) and 28 U.S.C. §1391.

## PARTIES

3. Plaintiff Sebsen is a Florida Limited Liability Company whose sole member resides in Tampa, Florida, and whose headquarters and principal place of business are in Tampa, Florida. Sebsen is a general contractor engaged in the construction industry. Sebsen is an employer in an industry affecting commerce within the meaning of the LMRA.

4. Defendants IBEW and Defendant IBEW Local 915 are unincorporated associations and labor organizations within the meaning of the LMRA. Duly authorized officers of the IBEW and IBEW Local 915 are engaged in representing local affiliates of the IBEW and their employee members, respectively, within Hillsborough and Pinellas Counties. The IBEW and IBEW Local 915 are labor organizations in an industry affecting commerce within the meaning of the LMRA.

## NATURE OF THE ACTION

5. Sebsen and the Unions were parties to a collective bargaining agreement that set forth the terms and conditions of employment for certain employees of Sebsen. The parties were signatories to a collective bargaining agreement ("CBA") whose initial term was December 1, 2017, through November 30, 2019. The CBA is attached hereto as **Exhibit A**.

6. Sebsen and the Unions also signed a Letter of Assent – a pre-hire agreement under Section 8(f) of the NLRA – stating Sebsen had agreed to the CBA effective February 6, 2018. The Letter of Assent was approved by the IBEW, International Office, on February 16, 2018. The Letter of Assent is attached hereto as **Exhibit B**.

7. Section 1.01 of the CBA reads in relevant part:

> **EFFECTIVE DATE** – This Agreement shall take effect December 1, 2017, and shall remain in effect until November 30, 2019, unless otherwise specifically provided for herein. It shall continue in effect from year to year thereafter, from December 1 through November 30 each year, unless changed or terminated in the way later provided herein.

8. Section 1.02 of the CBA reads in relevant part:

> **(a) – CHANGES –** Either party or an Employer withdrawing representation from the Chapter or not represented by the Chapter, desiring to change or terminate this Agreement must provide written notification at least 90 days prior to the expiration date of the Agreement or any anniversary date occurring thereafter.
> **(b)** Whenever notice is given for changes the nature of the changes desired must be specified in the notice, or no later than the first negotiating meeting unless mutually agreed otherwise.
> **(c)** The existing provisions of the Agreement, including this Article, shall remain in full force and effect until a conclusion is reached in the matter of proposed changes.
> **(d)** Unresolved issues or disputes arising out of the failure to negotiate a renewal or modification of this agreement that remain on the 20th of the month preceding the next regular meeting of the Council on Industrial Relations for The Electrical Contracting Industry (CIR) may be submitted jointly or unilaterally to the council for adjudication. Such unresolved issues or disputes shall be submitted not later than the next regular meeting of the Council following the expiration date of this agreement or any subsequent anniversary date. The Council's decision shall be final and binding.
> **(e)** When a case has been submitted to the Council, it shall be the responsibility of the negotiating committee to continue to meet weekly in an effort to reach a settlement on the local level prior to the meeting of the Council.
> **(f)** Notice of a desire to terminate this Agreement shall be handled in the same manner as a proposed change.

9. The Letter of Assent states in relevant part that it "shall become effective on the 6th day of February, 2018. It shall remain in effect until terminated by the undersigned employer giving written notice to the Local Union at least one hundred fifty (150) days prior

3

to the then current anniversary date of the applicable approved labor agreement."

10. Sebsen sent its notice of termination of the Letter of Assent and the CBA by letter dated February 26, 2019. The letter is attached hereto as **Exhibit C**.

11. On August 26, 2019, and on October 16, 2019, the Unions requested to meet with Sebsen to negotiate a new contract.

12. Sebsen maintained that it was not under any duty to negotiate a successor agreement with the Unions.

13. Thereafter, the Unions, unilaterally and without Sebsen's consent, engaged the CIR.

14. In violation of the CBA, the Unions did not advise Sebsen what provisions of the CBA they desired to modify and never presented any actual contract proposals to Sebsen.

15. By email to Sebsen dated November 5, 2019, the CIR stated:

> Your case is scheduled to be heard on Thursday, November 14 2019. Please be available by 1:00 pm on Wednesday, November 13, 2019. If the services of the Council are not needed, please advise the Office of the Secretary of the CIR as soon as possible via e-mail at Secretary@thecir.org.

16. Sebsen did not attend the CIR hearing, contending, among other things, that the CIR had no jurisdiction or authority over it.

17. On November 21, 2019, counsel for the Union forwarded a letter to counsel for Sebsen enclosing a two year collective bargaining agreement unilaterally imposed upon Sebsen by the CIR. A copy of the agreement is attached as **Exhibit D**.

18. In the award, the CIR purports to "retain jurisdiction over disputes pertaining to this Agreement."

19. In the award, the CIR rewrote the CBA, purporting to impose on Sebsen several new terms, without Sebsen's agreement.

### COUNT I – THE CIR LACKED JURISDICTION OVER THE PARTIES

20. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21. The CIR lacked jurisdiction over Sebsen, because Sebsen gave notice of termination of the CBA on February 26, 2019, pursuant to the express terms of the CBA and the Letter of Assent.

22. Additionally, the Unions breached the CBA by attempting to invoke the jurisdiction of the CIR after Sebsen's clear intent to terminate the CBA.

23. The CIR's award must be vacated because there was no legal basis on which to arbitrate.

24. The CIR's award, if enforced, violates 29 U.S.C. §185.

### COUNT II – THE CIR EXCEEDED THE SCOPE OF ITS AUTHORITY

25. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

27. The CIR's award must be vacated because the CIR exceeded the scope of its authority under the grievance and arbitration procedure set forth in the CBA in sustaining the grievance and in ordering the relief found in the award.

28. The CIR's award, if enforced, violates 29 U.S.C. §185.

### COUNT III—THE CIR EXCEEDED THE AUTHORITY ARGUABLY GRANTED BY THE CBA

29. Plaintiff reasserts and realleges each and every allegation contained in

Paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

30. The CIR exceeded any authority arguably granted by the CBA in sustaining the grievance and in ordering the relief found in the award.

31. The CIR's award does not "draw its essence" from the CBA in that:

    (a) the award cannot be rationally derived from the CBA;

    (b) the award is in manifest disregard of the law.

    (c) the award imposes additional requirements not expressly provided for in the CBA;

    (d) the award impermissibly modifies the terms of the CBA and the Letter of Assent;

    (e) the award conflicts with the express terms of the CBA and the Letter of Assent; and

    (f) the award is not based on the precise terms of the CBA.

WHEREFORE, Plaintiff Sebsen Electrical Contractors respectfully requests judgment and relief from the Court as follows:

1. That the CIR's award dated November 13, 2019, be vacated; and

2. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

*[Signature Lines On Following Page]*

Dated: February 11, 2020.	Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/Phillip B. Russell*
Phillip B. Russell
Florida Bar No. 67199
Peter W. Zinober
Florida Bar No. 121750
Lara J. Peppard
Florida Bar No. 520055
100 North Tampa Street, Suite 3600
Tampa, FL 3360
Tel.: (813) 289-1247
Fax: (813) 289-6530
phillip.russell@ogletree.com
peter.zinober@ogletree.com
lara.peppard@ogletree.com
*Attorneys for Plaintiff*

41772611.1