**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEBSEN ELECTRIC, LLC,
d/b/a SEBSEN ELECTRICAL
CONTRACTORS,

      Plaintiff/Counter-Defendant,

v.                                   Case No. 8:20-cv-331-T-60AAS

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS
LOCAL UNION 915,

      Defendant/Counter-Plaintiff
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

This matter is before the Court on "Defendant/Counter-Plaintiff International Brotherhood of Electrical Workers Local Union 915's Dispositive Motion for Judgment on the Pleadings," filed on May 12, 2020. (Doc. 22). On June 9, 2020, Plaintiff/Counter-Defendant Sebsen Electric LLC ("Sebsen") filed a response in opposition to the motion. (Doc. 25). On July 13, 2020, Defendant International Brotherhood of Electrical Workers Local Union 915 (the "Union") filed a reply. (Doc. 31). The Court held a hearing on the Union's motion on September 1, 2020. The Court granted the Union's motion in part and deferred ruling in part, providing Sebsen the opportunity to file a supplemental memorandum addressing the issues on which ruling was deferred. (Doc. 37). Sebsen filed its supplemental memorandum on October 15, 2020. (Doc. 41). The Union filed a response on

October 22, 2020.  (Doc. 42).  After reviewing the motion, response, supplemental memoranda, court file, and record, the Court finds as follows:

## Background

The material facts necessary to resolve the instant motion are largely undisputed.  The Union and the Florida West Coast Chapter of the National Electrical Contractors Association ("NECA") entered into a collective bargaining agreement ("CBA") to take effect on December 1, 2017, for a term of two years.  The CBA provided that it would continue from year to year unless terminated or changed according to its terms.  It further provided that where either a notice of proposed changes or notice of intent to terminate had been timely provided, then "[u]nresolved issues or disputes arising out of the failure to negotiate a renewal or modification of this agreement" could be "submitted jointly or unilaterally" for arbitration to the Council on Industrial Relations for the Electrical Contracting Industry ("CIR").

In February 2018, Sebsen, an electrical contractor, executed a Letter of Assent appointing the Florida West Coast Chapter of NECA as its negotiating agent and agreeing to be bound by the CBA effective February 6, 2018.  In February 2019, Sebsen gave timely written notice of its intent to terminate the Letter of Assent and the CBA.  On August 26, 2019, the Union wrote to Sebsen requesting that Sebsen negotiate a new or successor CBA.  Sebsen declined to negotiate, maintaining that it had no duty to do so.  The Union unilaterally referred the matter to the CIR for arbitration.  Sebsen received notice of the arbitration but once again declined to

participate.  On November 21, 2019, the CIR issued an arbitration award, directing Sebsen to implement a new, modified CBA with a term running from December 1, 2019, to November 30, 2021.

Sebsen filed this suit against the Union seeking to vacate that arbitration award.  The Union answered and counterclaimed against Sebsen seeking to enforce the award.  The Union moved for judgment on the pleadings in its favor, requesting that the Court enforce the new, modified CBA awarded by the CIR.

## Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).  Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  The court must also consider the answer and any documents attached as exhibits.  *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

## <u>Analysis</u>

The Court previously ruled that the Union is entitled to judgment as to Count I and II of Sebsen's complaint, and also as to Count III, except to the extent that Count III is based on issues relating to the content of the arbitration award itself or the composition or neutrality of the arbitration panel.  *See* (Doc. 37 at 6-8). The Court provided Sebsen the opportunity to address these issues by way of a supplemental memorandum.  *Id*.

Sebsen's supplemental memorandum argues that the CIR exceeded its authority because the new collective bargaining agreement it awarded did not "draw its essence" from the prior CBA.  Sebsen bases this contention on the fact that the new agreement departed from the original CBA in two ways:  it provided for a two-year term, rather than a one-year term, and it deleted the "most favored nation clause," a provision  requiring the Union to offer to Sebsen the same terms it offers to other employers.

Court review of labor arbitration awards is "highly deferential and extremely limited."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intern. Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1272 (11th Cir. 2015).  A labor arbitration award must "draw its essence" from the collective bargaining agreement.  *See id*.  But an award draws its essence from the collective bargaining agreement as long as the arbitrators' "interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention."  *Id*.  Where the award

draws its essence from the agreement, the Court will not review its merits. *Id*. ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.") (internal quotation omitted).

Sebsen cites no authority under which the award at issue here does not meet that requirement. As set forth in the Court's prior Order, the original CBA's interest arbitration provision authorized the CIR to enter an award in the event the parties failed to agree on a renewal of or modifications to the CBA, and it authorized such an award based on the Union's unilateral submission on the undisputed facts presented by the pleadings. *See* (Doc. 37 at 3-6). As such, the award draws its essence from the original CBA. *See Local 288 Intern. Broth. of Elec. Workers v. CCT Corp.*, C032052LRR, 2005 WL 1277784, at *19 (N.D. Iowa May 25, 2005) ("The court finds the award draws its essence from the terms of the 2000–2003 collective bargaining agreement because the award is the result of the application of the interest arbitration clause included therein.").

The new agreement provided by the award is very similar in format and content to the original CBA. Citing cases involving grievance or rights arbitration, however, Sebsen complains that the new agreement includes terms that differ from the original CBA, specifically the two-year duration and elimination of the most favored nation clause. But these changes do not mean the award fails to draw its essence from the CBA, because the CBA provided for interest arbitration and contemplated that the CIR would resolve disputes regarding changes or

modifications.  *See, e.g.*, *N.L.R.B. v. Columbus Printing Pressmen & Assistants'
Union No. 252*, 543 F.2d 1161, 1163 n.4 (5th Cir. 1976) (noting that, unlike
grievance arbitration, which involves the interpretation of an existing contract,
interest arbitration is "usually resorted to when the parties are unable to agree on
the provisions of a new, renewed or reopened contract"); *Graphic Comm. Intern.
Union, Local 735-S v. N. Am. Directory Corp. II*, 98 F.3d 97, 102 (3d Cir. 1996) ("In
interest arbitration, it is within the province of the decisionmaker to set new terms
and conditions of employment . . . .") (internal quotation omitted); *Local 377,
RWDSU, UFCW v. 1864 Tenants Ass'n*, 06 CIV. 1190 (LBS), 2007 WL 634751, at
*13 (S.D.N.Y. Mar. 1, 2007), *aff'd*, 533 F.3d 98 (2d Cir. 2008) ("Courts give even
greater deference to an arbitrator's decision in interest arbitration than in
grievance arbitration because the arbitrator is fashioning new contractual
obligations.") (internal quotation omitted).

Sebsen points to no legal requirement or contractual limitation that would
preclude the terms imposed by the CIR's award.  Instead, it basically argues that
the new provisions do not sufficiently take Sebsen's interests into account.  This
argument, however, goes to the merits of the award, not its validity, and Sebsen
should have presented it to the CIR instead of refusing to participate in the
arbitration.  *See CCT Corp.*, 2005 WL 1277784, at *19 ("ACEC waived its right to
challenge the substance of the CIR's award by failing to appear at the arbitration or
to make any other effort to represent its interests in the arbitration.").

Sebsen argues that the CIR acted in a biased manner in awarding the new agreement. Yet Sebsen asserts no facts relating to alleged bias or lack of neutrality that would establish a claim that is "plausible on its face." *Carbone*, 910 F.3d at 1350. Instead, Sebsen objects to the merits of the award. Its assertions of bias and lack of neutrality remain conclusory, just as in Sebsen's complaint. *See* (Doc. 37 at 7).

Finally, Sebsen contends that it should be allowed discovery to establish the importance of the most favored nation clause and how it is beneficial or essential to Sebsen. For the reason stated above, the importance of that provision to Sebsen does not create an issue of fact as to whether the CIR's award drew its essence from the CBA. The Court therefore declines to authorize Sebsen to pursue discovery on that issue or on Sebsen's conclusory assertions of bias.

For the foregoing reasons and those stated in this Court's Order of September 14, 2020 (Doc. 37), the Union's motion for judgment on the pleadings is due to be granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant/Counter-Plaintiff International Brotherhood of Electrical Workers Local Union 915's Dispositive Motion for Judgment on the Pleadings" (Doc. 22) is **GRANTED.**

2. Sebsen's request in its complaint (Doc. 1) that the CIR's award be vacated is **DENIED.**

3.  Sebsen is **DIRECTED** to fully comply with the new collective bargaining agreement awarded by the CIR.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 21st day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**